## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Jordan L. Tandy
Mark A. Frantz
Tiede Metz Downs Tandy
& Petruniw, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEE

Kristina L. Lynn
Lynn and Stein, P.C.
Wabash, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In Re the Adoption of:
B.B. (Minor Child),

K.B.

*Appellant-Respondent,*

v.

J.K.,

*Appellee-Petitioner*

December 7, 2015

Court of Appeals Case No.
85A02-1505-AD-426

Appeal from the Wabash Circuit
Court

The Honorable Robert R.
McCallen, III, Judge

Trial Court Cause No.
85C01-1501-AD-1

**Baker, Judge.**

[1] K.B. (Mother) appeals the trial court's order that her consent is not required for her cousin, J.K. (Guardian), to adopt Mother's child, B.B. (Child). The trial court found that Guardian established, by clear and convincing evidence, that Mother is an unfit parent and that adoption of Child by Guardian would be in Child's best interests. Finding sufficient evidence to support the trial court's judgment, we affirm.

## Facts

[2] In 2008, Mother's father and stepmother were appointed guardians of her oldest child, who has been in their care since that time. In June 2013, when Mother became pregnant with Child, there was an open Child in Need of Services (CHINS) case regarding her two other children. Mother's participation in CHINS services was unsuccessful, and her parental rights were terminated with respect to those two children in October 2013.

[3] During Mother's pregnancy with Child, she used methadone, hydrocodone, and oxycodone. She did not have a prescription for the latter two drugs, and while she did have a prescription for methadone, she abused the medication and did not take it as prescribed. In November 2013, while six months pregnant, Mother overdosed on methadone.

[4] Child was born on February 10, 2014, and suffered from narcotic withdrawals as a result of Mother's drug use during the pregnancy. Child remained in the hospital for a week and needed careful medical care for the first two months of her life as she weaned off of the narcotics.

[5] On February 17, 2014, Mother was arrested on charges of forgery and theft. On May 19, 2014, Mother pleaded guilty to one count of class C felony forgery and received a five-year sentence, with two years suspended to probation. Mother was released from incarceration on January 12, 2015.

[6] The same day that Mother was arrested, Child was released from the hospital and into Guardian's care. She has remained in his care since that time. On January 26, 2015, Guardian filed a petition to adopt Child, contending that Mother's consent was not required. On February 9, 2015, in a separate proceeding, Guardian was named Child's temporary guardian.

[7] On March 25 and April 24, 2015, the trial court held an evidentiary hearing regarding Mother's consent to the adoption. On March 25, 2015, Mother was employed and had her own apartment. By April 24, she had lost her job and her apartment and had moved in with her parents. Since being released from incarceration, Mother had scheduled appointments for a substance abuse evaluation as required by the terms of her probation, but she missed or canceled most of those appointments. As of April 24, Mother had not completed any substance abuse treatment since her release. Between March 25 and April 24, Mother admittedly used methadone once and heroin twice. Between those dates, Mother attended some, but not all, scheduled visits with Child, and ended other scheduled visits early.

On April 27, 2015, the trial court issued an order determining that Mother's consent to the adoption was not required. In pertinent part, the trial court found and concluded as follows:

> In prior CHINS termination proceedings of [Mother's] rights to other children, the Court made the following findings:
>
> ***
>
> > The DCS made significant efforts to facilitate reunification. Services were offered, time and again. Despite those efforts . . . [Mother's] efforts fell short, far short. At no time during the pendency of this action has reunification been considered. Reunification was the goal, and it was pursued, to no avail.
>
> Sadly, nothing has changed. [Mother] continues to associate with persons of poor character. She continues to have problems with drugs. She has no ability to care for herself, let alone another child. She is unemployed. She has no transportation. She has not re-engaged in services. She misses parenting time opportunities.
>
> . . . She is unfit to parent [Child].
>
> [Guardian] has proven, by clear and convincing evidence, that [Mother's] consent is not required . . . and it is in [Child's] best interests to be adopted by [Guardian], who has been [Child's] sole source of support since birth.

Appellant's App. p. 5-6. Mother now appeals.

# Discussion and Decision

[9]     Mother argues that the trial court erred by concluding that her consent to Child's adoption is not required. When we review a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *In re Adoption of M.L.*, 973 N.E.2d 1216, 1222 (Ind. Ct. App. 2012). On appeal, we will not reweigh the evidence, instead focusing on the evidence and inferences most favorable to the trial court's decision. *Id.* We generally give considerable deference to a trial court's rulings in family law matters, "as we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, get a feel for family dynamics, and get a sense of the parents and their relationship with their children." *Id.*

[10]    Indiana Code section 31-19-9-8(a) provides, in pertinent part, as follows:

> Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> ***
>
> (2)    A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
>    (A)    fails without justifiable cause to communicate significantly with the child when able to do so; or

(B)     knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

***

(11)    A parent if:

(A)     a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

(B)     the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

Mother makes arguments regarding both subsection (2) and subsection (11). It is well established that the provisions of Indiana Code section 31-19-9-8 are disjunctive, and "as such, either provides independent grounds for dispensing with parental consent." *In re Adoption of T.W.*, 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006). Because we find below that the trial court did not err by finding that Mother's consent was not required pursuant to subsection (11), we need not, and will not, address her arguments with respect to subsection (2).

[11] Subsection (11) requires that the petitioner prove by clear and convincing evidence that the parent is unfit and that adoption is in the child's best interest. This Court has determined that "termination [of parental rights] cases provide useful guidance as to what makes a parent 'unfit.' In these cases, we have considered factors such as a parent's substance abuse, . . . willingness to follow

recommended treatment, lack of insight, [and] instability in housing and employment . . . ." *M.L.*, 973 N.E.2d at 1223.

[12] In this case, the evidence most favorable to the trial court's judgment reveals that Mother has been struggling with substance abuse issues for years. She has had multiple opportunities to address these issues by participating in services, but has failed to do so. She has had her parental rights involuntarily terminated with two of her children, and a third is cared for by guardians. Not only did Mother use illicit substances while pregnant with Child, causing Child to have significant medical issues at birth, but she admittedly used methadone and heroin in between hearing dates in this very case. Mother was also unable to maintain employment or housing while these matters were pending. Additionally, she was incarcerated for nearly all of Child's first year of life, and it is well settled that "'[i]ndividuals who pursue criminal activity run the risk of being denied the opportunity to develop positive and meaningful relationships with their children.'" *In re Adoption of H.N.P.G.*, 878 N.E.2d 900, 907 (Ind. Ct. App. 2008) (quoting *Castro v. State Office of Family and Children*, 842 N.E.2d 367, 374 (Ind. Ct. App. 2006)).

[13] Mother directs our attention to the strides she has made. We do not discount her seemingly genuine desire to better herself, nor do we discount the attempts that she has made to do so. But this argument amounts to a request that we reweigh the evidence, which we may not, and will not, do. The evidence in the record supports the trial court's conclusion that Guardian established by clear and convincing evidence that Mother is an unfit parent and that it is in Child's

best interests to be adopted by Guardian. *See In re Adoption of J.M.*, 10 N.E.3d 16, 21 (Ind. Ct. App. 2014) (holding that parents' consent to adoption not required given their historical difficulty with substance abuse and their inability to rectify the situation, notwithstanding genuine attempts to do so, by the time of the consent hearing).

[14] Additionally, it is undisputed that Guardian has provided Child with a stable, nurturing environment. It is also undisputed that Child has a strong bond with Guardian—a stronger bond than she has with Mother. Guardian is able to provide for all of Child's needs. This evidence supports the trial court's conclusion that adoption is in Child's best interests.

[15] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.